IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BLACKHAWK CORPORATION, | ) | Case No. 13-10282(KG) |
| | ) | |
| Debtor. | ) | **Re: Dkt No. 70** |
| | ) | |

## **MEMORANDUM OPINION**

Blackhawk Corporation ("Debtor") has moved for summary judgment (the "Motion") on the ground that litigation pending in the Superior Court of the State of California (the "California Action") is barred by *res judicata*. For the following reasons, the Motion is granted.

The facts are undisputed. The Creditors seek damages from landslides and soil movement in the California Action. The affected homes abut an undeveloped hillside, a portion of which is owned by Debtor and is known as Parcel G. The Creditors commenced the California Action against Debtor and others on May 6, 2009.

Debtor filed for bankruptcy under chapter 7 of the Bankruptcy Code on February 15, 2013. Given the bankruptcy filing, the Creditors severed and stayed the claims against Debtor in the California Action. The Court in the California Action approved the severance and the stay and Debtor has not been involved in the California Action since March 2, 2013.

On July 2, 2013, the Creditors each filed a proof of claim to which they attached a copy of the Third Amended Complaint in the California Action. The proofs of claim state they are based on Debtor's failure to "provide subjacent and lateral support to neighboring landowners. Total claim represents the estimated total cost of repair attributable to debtor

for all related creditor claims." In fact, each of Creditors' proofs of claim was allowed for $6 million, and the Trustee based on an Order of this Court (D.I. 62) distributed to each Creditor his or her pro rata share of property available for distribution. Creditors did not object to or appeal from any distribution related matters.

The Court entered an Order on September 9, 2014 granting the Creditors limited relief from the automatic stay to have access to Parcel G "for purposes of investigation of remediation." Order, ¶ 2. D.I. 42. The Court also made it clear that it would not permit Creditors to proceed with the California Action but, instead, the Court would resolve such claims. Transcript of Hearing on August 18, 2014, 4:19-23, 23:6-9.

There are no material disputed facts. The Court may grant summary judgment if no genuine issue of material fact exists and, viewing the facts most favorably to the non-moving party, the movant is entitled to judgment as a matter of law. *Shubert v. Premier Paper Products, LLC (In re Am. Tissue, Inc.)*, 2007 Bankr. LEXIS 4004, at *9 (Bankr. D. Del. Nov. 20, 2007); F.R. Civ. P. 56(a). Such is the present case. The allowed proofs of claim are equivalent to a final judgment and "a bankruptcy court order allowing an uncontested proof of claim constitutes a 'final judgment' and thus a predicate for *res judicata*."[1] *EDP Med. Computer Sys. v. United States*, 480 F. 2d 621, 625 (2d Cir. 2007). *See also, Katchen v. Landy*, 382 U.S. 323 ("a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined.") In *In re Kurz v. EMAK Worldwide, Inc.*, 464 B.R.

---

[1] An action is barred by res judicata when, as here, there is a final judgment on the merits, the same parties are involved and the causes of action are the same. *U.S. v. Athlone Indus., Inc.*, 746 F. 2d 977, 986 (3d Cir. 1984). All of these factors exist here.

635, 643 (D. Del. 2011) the District Court held that Creditors filing of their proofs of claim transformed the claims they assert in the California Action into a core matter before the Court. Remember, the Creditors attached a copy of the Third Party Complaint to their proofs of claim. There is simply no difference between the Creditors' proofs of claim resolved in the bankruptcy case and the claims to be litigated in the California Action. The claims in the California Action are clearly pre-petition claims and were fully adjudicated in the claims process. This is true even if the damage did not appear until after the reorganization. The reason is that a claim is pre-petition when the exposure to harm gives rise to a right to payment. "[A] 'claim' arises when an individual is exposed pre-petition to a product or other conduct giving rise to an injury, which underlies a 'right to payment' under the Bankruptcy Code." *Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)* 607 F. 3d 114, 125 (3d Cir. 2010).

      What all of the foregoing means and stands for is that the Creditors' claims were allowed, they are the same claims which the Creditors assert in the Third Party Complaint and, therefore, the allowance of the proofs of claim here is *res judicata* to and bars further action in the California Action against Debtor.

      Finally, the Creditors argue that the motion for summary judgment requires the filing of an adversary proceeding pursuant to Bankruptcy Rule 7001(9), and the request for injunctive relief requires an adversary proceeding pursuant to Bankruptcy Rule 7001(7). The Court does not believe that an adversary proceeding is necessary where Debtor is seeking to enforce a previous Order of the Court, namely the Distribution Order and the

Order granting limited stay relief whereby the Court made it clear that the Court would decide any issues relating to Parcel G. *See In re World Corp., Inc.*, 252 B.R. 890, 895 (Bankr. D. Del. 2000), and *In re Woods*, 316 B.R. 522, 525 (Bankr. N.D. Ill. 2004) ("a separate adversary proceeding is not required for collateral issues.")

Accordingly, the Court hereby grants Debtor's motion for summary judgment. The California Action is hereby barred on the basis of *res judicata*. An Order will issue.

Dated: May 26, 2016

_____
KEVIN GROSS, U.S.B.J.